Donald P. SMALLWOOD and Roy E. Lay, Petitioners,

v.

UNITED STATES of America, Respondent.

No. 76–718C (A).

United States District Court, E. D. Missouri, E. D.

Dec. 15, 1976.

Donald P. Smallwood, pro se.

David Rosen, Asst. U. S. Atty., St. Louis, Mo., for respondent.

MEMORANDUM

HARPER, District Judge.

DONALD P. SMALLWOOD has filed another motion in this Federal District Court to vacate sentence and set aside judgment. This time he joins with ROY E. LAY as a co-petitioner and pro se, both have moved this Court pursuant to 28 U.S.C. § 2243 and § 2255. Petitioners were both found guilty by a jury of multiple violations of 18 U.S.C. § 1341 and thereafter on October 24, 1969, this Court sentenced SMALLWOOD to a total jail time of thirty-five years and a fine of $15,000 and LAY to a total prison term of twenty years, along with $15,000 fine.

Both petitioners appealed along with another defendant, HAROLD F. CONNELL, and the sentences were affirmed by the Eighth Circuit Court of Appeals on June 14, 1971. *United States v. Smallwood,* 443 F.2d 535 (8th Cir. 1971). Certiorari was denied on October 11, 1971.

In their instant claim, petitioners alleged that the receiver of petitioners' operations had not filed a proper bond and that he did not have legal authority to release evidence to the Grand Jury sitting in the Eastern District of Missouri, which had subpoenaed certain evidence.

■ Respondent urges us to dismiss petitioners' motion of vacation of sentence, which has been filed some seven years after their conviction. The proposed Rule 9(a) which raises a rebuttable presumption that the government has been prejudiced by this type of delay is not in effect as yet, and does not control the instant motion. Therefore, respondent's motion is rejected as being untimely.

■ Concerning petitioners' claims that the Diversified Brokers Company's receiver was never the legal possessor or custodian of the diversified records, petitioner claims that said trustee's turning over said records to the Grand Jury was tantamount to allowing an illegal search and seizure of petitioners' records. This very point was raised by petitioners in their appeal of their Dis-

trict Court convictions. *United States v. Smallwood,* supra.

From this opinion we quote, at p. 538: (1) We find no merit in appellants' contention that these records were personal. Appellants offered absolutely no evidence to support their allegation that the papers in question were their personal files. On the contrary, the government presented the testimony of an accountant for the Securities and Exchange Commission who tied in all of the documents in question with the corporate records which clearly showed that the files referred to were property of Diversified Brokers Company. (2) We next consider whether appellants nevertheless had standing to object to the search and seizure of these corporate records. Appellants rely heavily on the Supreme Court's holding in *Mancusi v. DeForte,* supra, which involved the seizure of records from an office shared by the defendant and other union officials. Even though the papers seized were union records and not personal records, the Supreme Court found that the defendant had standing to object to the search of his office and the seizure of these records. However, the facts upon which the Supreme Court premised its holding in *Mancusi* differ substantially from those in the case before us. First, in *Mancusi,* the union official was legitimately on the premises when state officers conducted the search and seizure. See *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). Moreover, it was stipulated by the parties that the official had custody of the papers at the moment of their seizure. *Mancusi v. DeForte,* supra 392 U.S. at 368–369, 88 S.Ct. 2120.

In the case before us, the records were obtained by government agents pursuant to a Grand Jury subpoena directed toward the court-appointed receiver for Diversified. At the moment the files in question were turned over, the receiver had actual, lawful custody of the records, the appellants were not, nor did they have a right to be, present either when the records were turned over in compliance with the subpoena or when the

receiver initially took possession of the files at the corporate offices of Diversified and at the office of Satz and Ponfil, attorneys for the company.

The Court of Appeals sustained the District Court ruling which was made after an evidentiary hearing and which held that the petitioners had no standing to attack the search and seizure of corporate records which were not the personal records of the petitioners, and which were properly in the control of the court-appointed trustee.

Petitioners ask this Court to examine the bond that was posted with this Court by the appointed receiver. This was apparently done on February 27, 1969 and bound the receiver along with the Fidelity and Deposit Company of Maryland as surety in the amount of $50,000, guaranteeing the faithful performance of the appointed receiver. Petitioners claim that the bond was not signed by the lawfully appointed receiver, but by his law partner and thereby rendered the receiver's position illegal. This then leads back to the actions of the receiver in turning over certain records of Diversified Brokers Company to the Grand Jury which petitioners hoped to frustrate. Petitioners have prepared a lengthy memorandum in support of this position, outlining various legal attacks on the trustee's bond, its signers and its execution date.

If we have properly interpreted petitioner's claims, we think they are attempting to say that if the trustee has not properly executed the necessary bond, he has failed to qualify as a trustee and as such, is not entitled to have become the possessor of the corporate records and subsequently could not, as proper legal custodian, turn over said records to the Grand Jury. Obviously, these records were contributory to the petitioners' subsequent indictments.

The receiver in this case was served with a subpoena to appear before the Grand Jury on March 19, 1969. The subpoena ordered him to bring all of the records of the Diversified Company. We have examined the file in question, 69C57(2) and find the bond in question was approved on the 27th day of February, 1969, by Judge Regan. This was some three weeks prior to the issuance of the subpoena.

Also, we note 18 U.S.C. § 3057 places a duty upon court-appointed receivers to ". . . report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed." Therefore, we conclude that the receiver in this particular case would have been under a statutory duty to have exposed Diversified's suspect records, even if they had not been subpoenaed, which indeed they were.

Petitioner has submitted his Exhibit No. 3, which is a letter from the Clerk of the Federal District Court, dated April 17, 1972, which indicated that the Clerk was unable to "find in the file a bond in the amount of $50,000." However, the file clearly reflects the existence of the bond which was approved and filed as indicated above. Also, in the file is an order signed by Judge J. H. Meredith, dated August 22, 1972, which reads:

IT IS ORDERED that the bond of the Receiver, Stuart Symington, Jr., be filed as of the date of its approval, which was the 27th day of February, 1969, the date on which it was approved by the court and issued by the surety company.

It is possible that although the bond was issued and approved in 1969, it was not ordered filed as such, until this last order dated August 22, 1972. At any rate, the bond was made, approved and qualified the receiver to take lawful possession of the records of Diversified Brokers Company.

We find no disabling import to petitioner's claims that the bond was signed by one Thomas J. Guilfoil, who was the trustee's law partner. This is a legal agency action which was acceptable to the bonding company and to the court and does not pose a disability to the trustee's position.

Therefore, it is the conclusion of this Court that the trustee was properly bonded and appointed by the Federal District Court in this District. We further find that he was legally empowered to take over the

records of the Diversified Brokers Company and as such, was bound by law to deliver said records as commanded by the Grand Jury subpoena. We further find that the receiver had a further duty imposed by 18 U.S.C. § 3057 to report to the U.S. Attorney, facts and circumstances of any offense that he believed to have been committed by officers of the defunct company, prior to his appointment.

For these reasons, IT IS THE FINDING AND THE RULING OF THIS COURT that petitioners' application for federal habeas corpus be and is hereby denied.

The Clerk of this Court shall make the appropriate order.